**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 26-4094

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD CHARLES CART,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  David A. Faber, Senior District Judge.  (2:25-cr-00108-1)

Submitted:  July 16, 2026                                    Decided:  July 21, 2026

Before WILKINSON, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Moore Capito, United States Attorney, Judson C. MacCallum, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Charles Cart pleaded guilty without a plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). The district court sentenced Cart to 37 months' imprisonment, to run concurrent to Cart's undischarged state sentence, and three years' supervised release. On appeal, Cart argues that his sentence is procedurally unreasonable. We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). In conducting this review, we first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id.* (internal quotation marks omitted). When imposing a sentence, "the district court must make an individualized assessment based on the facts presented[,] . . . state in open court the particular reasons supporting its chosen sentence," and "address the parties' nonfrivolous arguments in favor of a particular sentence." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (internal quotation marks omitted). If the court rejects those arguments, it must explain why in a manner allowing for meaningful appellate review. *Id.*

Cart concedes that the district court adequately rejected his argument for a downward variance but argues that it imposed a procedurally unreasonable sentence by failing to explain why his 37-month sentence was necessary. We have reviewed the record

and conclude that the court sufficiently explained its reasons for imposing a sentence at the higher end of the advisory Guidelines range. Specifically, in ruling on Cart's downward variance and imposing the sentence, the district court addressed Cart's arguments involving the relevance of his state charges by imposing a federal sentence that ran concurrent to the state sentence. The court also emphasized its concern with Cart's significant criminal history and explicitly cited its consideration of the § 3553(a) factors. Finally, the court specifically addressed the nature and circumstances of the offense and Cart's history and characteristics in its written statement of reasons, noting that the considerations cited by Cart factored into the court's decision to impose a sentence concurrent to the undischarged state sentence. Because the court adequately explained Cart's sentence, we conclude that the sentence is procedurally reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3